

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. C. F. Petet
Secretary, Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-2300-A
Re: Effect of Interstate Commerce
Act on provisions of Texas
Anti-Pass Statute, Article 4006,
Revised Civil Statutes.

We have your letter of June 22, 1940, requesting
our opinion as to what effect, if any, the Interstate Com-
merce Act, or any regulation of the Interstate Commerce
Commission, would have upon the provisions of the Texas
Anti-Pass Statute. We understand that you wish to know
particularly whether the provisions of the Interstate
Commerce Act affect the right of the railroad companies
in Texas under Article 4006 of the Revised Civil Statutes
of Texas to issue free passes to wives, widows or depen-
dents of superannuated or pensioned employees who are not
actually employed by the railroad companies. This opinion
is supplementary to our opinion No. 0-2300, in which we
held that Article 4006, Revised Civil Statutes of Texas,
does not permit the granting of free transportation or
free passes to wives, widows and dependents of super-
annuated employees or employees that are on pensions and
not actually employed by the railroad companies.

With reference to interstate carriers, "free
transportation is prohibited by the Interstate Commerce
Act except in certain specified instances." See Second
Passengers in Sleeping Car Berths or Sections, 162 I. C. C.
636, 637. The Interstate Commerce Commission, while it is
"charged with the execution and enforcement of the act"
(See Free Transportation for Supervisors of Caretakers,
174 I.C.C. 433, 436) cannot enlarge upon the provisions
of the act itself. In Transportation of Newspaper Employees,
12 I.C.C. 16, 19, the Interstate Commerce Commission said:

"Where the Congress has expressly enumerated special classes of persons or things that may be or must be exempted and excepted from the operation of general provisions in a law, this Commission can not enlarge the excepted classes by mere construction and include in them persons or things not thus expressly named in the act itself."

We must therefore look to the provisions of the Interstate Commerce Act to determine what persons may receive free transportation from interstate carriers.

Subsection (2) of Section 1 of the Interstate Commerce Act (Title 49, United States Code) provides that the act shall apply to the "transportation of passengers . . . within the United States", but not "(a) To the transportation of passengers . . . wholly within one state . . ."

Subsection (7) of Section 1 of the Interstate Commerce Act provides in part as follows:

"No common carrier subject to the provisions of this chapter, shall, directly or indirectly, issue or give any interstate free ticket, free pass, or free transportation for passengers, except to its employees and their families, its officers, agents, surgeons, physicians, and attorneys at law; . . .

"Provided further, That the term 'employees' as used in this paragraph shall include furloughed, pensioned, and superannuated employees, . . .

". . . and the term 'families' as used in this paragraph shall include the families of those persons named in this proviso, also the families of persons killed, and the widows during widowhood and minor children during minority of persons who died, while in the service of any such common carrier."

In so far as interstate transportation of passengers is concerned, the provisions of the Interstate Commerce Act relating to free transportation constitute "the assumption by Congress of its power to regulate the subject to the exclusion of State laws and policies." See Louisville & Nashville Railroad Company v. George, 129 S. W. (2d) 986, 987. (Ky.)

Mr. C. F. Petet, Page 3


In Kansas City Southern Railroad Company v. Van Zant, 260 U. S. 459, 468, the Supreme Court of the United States said with reference to the free transportation paragraph of the Interstate Commerce Act:

"The provision for passes, with its sanction in penalties, is a regulation of interstate commerce, to the completion of which the determination of the effect of the passes is necessary. We think, therefore, free passes in their entirety are taken charge of, not only their permission and use, but the limitations and conditions upon their use; or to put it another way, and to specialize, the relation of their users to the railroad which issued them, the fact and measure of responsibility the railroad incurs by their issue, and the extent of the right the person to whom issued acquires, are taken charge of."

As to intrastate transportation of passengers, however, the state law with reference to free passes still applies. New York Central Railroad Co. v. Mohney, 252 U. S. 152.

You are therefore advised that as to intrastate transportation of passengers, Article 4006 of the Revised Civil Statutes of Texas controls the issuance of free transportation or passes by railroads, as stated in our opinion No. 0-2300. As to interstate transportation of passengers, the provisions of the Interstate Commerce Act control, and the Texas Anti-Pass Statute is not applicable.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James F. Hart
ASSISTANT

JFH:ARM

APPROVED JUN 27, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE